# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**V.**  **CRIMINAL NO. 3:23cr39-CWR-LGI**

**WILLIAM ROBERT SHEPHERD III**

### MOTION TO SUPPRESS EVIDENCE

***hearing requested***

Comes now William Shepherd and files this Motion to Suppress Evidence. Specifically, Mr. Shepherd seeks suppression of all evidence found during the search of a car he was driving on August 2, 2022, and/or all evidence found incident to his arrest. In support of this Motion, Mr. Shepherd presents the following.

### I. Facts.

Mr. Shepherd was driving his 2007 Honda Accord on the Natchez Trace Parkway on August 2, 2022. A cargo carrier was attached to the receiver hitch of the Accord. A photograph of the cargo carrier is attached hereto as Exhibit 1. As indicated by the photograph, the cargo carrier has no wheels or taillights. It is simply a small immobile rack affixed to the receiver hitch of the Accord. A

1

wheelbarrow was tethered to the cargo carrier. The wheel barrel appears to be brand new and unused.

Natchez Trace Park Ranger Richard Perry pulled Mr. Shepherd over on August 2. According to a document provided in discovery titled "Incident Details," Officer Perry's reasonable suspicion of illegal activity purportedly justifying the traffic stop was a violation of "36 CFR 7.43(c)(5) Adult NATR Trailers are permitted when used non-commercially[.]"

Officer Perry searched Mr. Shepherd's Accord and found "a 'blunt' of marijuana" and a "sawed off shotgun." As a result, the Grand Jury indicted Mr. Shepherd on May 2, 2023. The Indictment alleges that he possessed short-barrel shotgun that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

## II. Law and argument.

"The Fourth Amendment declares the right to be secure[ ] against unreasonable searches." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). Under the Fourth Amendment right to privacy, a warrant is typically required to search a vehicle, unless the search is under limited exceptions to this general rule. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009).

While the burden normally rests on the defendant to prove the government obtained evidence in violation of the Constitution, there are certain situations

where the burden is on the government. *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). "When the government searches or seizes a defendant without a warrant, the government bears the burden of proving, by a preponderance of the evidence, that the search or seizure was constitutional." *Id.* (citation omitted).

In the Fifth Circuit, the constitutionality of a traffic stop is analyzed using the two-step inquiry set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Andres*, 703 F.3d 828, 832 (5th Cir. 2013). First, the stop must have been justified at its inception. *Id*. Second, "the officer's subsequent actions [must have been] reasonably related in scope to the circumstances that justified the stop of the vehicle in the first place." *Id*.

In Mr. Shepherd's case, the prosecution cannot meet the first step of the *Terry* inquiry. That is, Officer Perry's stop of Mr. Shepherd was not justified at its inception.

As stated above, discovery provided by the prosecution indicates Officer Perry's reasonable suspicion of illegal activity purportedly justifying the traffic stop was a violation of 36 C.F.R. § 7.43(c)(5), which prohibits using a trailer on the Natchez Trace for non-recreational purposes. This Code of Federal Regulations states:

> (5) *Trailers*. Trailers are permitted when used non-commercially to transport baggage, camping equipment, horses for recreational riding, small boats and

3

other similar items used for vacation or recreational purposes, provided they meet the following criteria:
(i) Utility type trailers *must be enclosed* or covered and are not to exceed 5 feet by 8 feet.
(ii) Trailers must be *equipped with red taillights, red stoplights and mechanical turn signals*. Clearance lights are required on trailers over 6 feet high.
(iii) Only one trailer of any type may be towed by any one vehicle along the parkway. The towing vehicle and trailer must not exceed 55 feet in length.

36 C.F.R. § 7.43(c)(5) (emphasis added).

To violate § 7.43(c)(5), Mr. Shepherd must have been towing a "trailer." Definitions applicable to Title 36 of the Code of Federal Regulations are provided in 36 C.F.R. § 1.4. That code section, however, does not provide a definition for the term "trailer." Therefore, we must look to the description stated in § 7.43(c)(5)(i), (ii) and (iii) to determine the term's definition.

Particularly applicable to the facts in Mr. Shepherd's case are the descriptions stated in subsections (i) and (ii) of § 7.43(c)(5). Thes provisions require a trailer to be enclosed and have red taillights, red stoplights and mechanical turn signals. *Id.* These characteristics indicate that the term "trailer," as used in § 7.43, means a towed hauling device with wheels. The definition does not apply to a small rigidly affixed cargo carrier like the kind attached to the receiver hitch of Mr. Shepherd's Accord.

Since Mr. Shepherd was not towing a trailer, as defined in § 7.43(c)(5), Officer Perry had no justifiable reason to pull Mr. Shepherd over. As such, all

evidence obtained through the illegal traffic stop must be suppressed. *See United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (citation omitted) (holding: "the exclusionary rule prohibits the introduction at trial of all evidence that is derivative of an illegal search, or evidence known as the 'fruit of the poisonous tree.'").

### III.  Conclusion.

For all the reasons stated above, Mr. Shepherd asks this Court to conduct a hearing on his Motion to Suppress Evidence, then grant the Motion.

Respectfully submitted, July 10, 2023.

**WILLIAM ROBERT SHEPHERD III**
**Defendant**

by:   s/ *Michael L. Scott*
**Michael L. Scott** (MB # 101320)
Senior Litigator
Office of the Federal Public Defender
S. District of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  mike_scott@fd.org

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I, Michael L. Scott, certify that on July 10, 2023, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

s/ *Michael L. Scott*
Attorney for Defendant
