IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                         CRIMINAL NO. 3:23cr39-CWR-LGI

WILLIAM ROBERT SHEPHERD III

RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE

COMES NOW the United States of America, by and through the Office of the United States Attorney, and does hereby respectfully request that this Honorable Court enter an order denying the Defendant's *Motion to Suppress Evidence*. Doc. No. 19. The government expects to show:

I.   Background

On August 2, 2022 at approximately 8:34 a.m., United States Park Ranger Richard Perry ("Ranger Perry") was travelling south on the Natchez Trace Parkway near mile post 86. Ex. A; *Incident Details*, pg. 2. During that time, Ranger Perry passed a 2007 Honda Accord with the MS tag RAS6342 traveling north on the Natchez Trace Parkway. *Id.* The vehicle had several pieces of lumber attached to the roof. *Id.* The vehicle also displayed a decal that read "Jack Rabbit Services." *Id.* As Ranger Perry passed the vehicle, he noticed the vehicle had a rear cargo hauler attached, loaded with a wheelbarrow. *Id.* Ranger Perry turned his vehicle around and initiated a traffic stop with his emergency lights. *Id.* The Honda Accord came to a stop near mile post 87. *Id.*

Ranger Perry approached the vehicle and made contact with the driver, William Robert Shepherd III ("defendant"). Ex. A; *Incident Details*, pg. 3, ¶ 1. Upon his approach, Ranger Perry immediately smelled the odor of marijuana coming from inside the vehicle. *Id.* Shepherd provided his driver's license but could not locate a valid proof of insurance. *Id.* Ranger Perry inquired as to

1

whether there was any type of illegal substances in the vehicle, and defendant answered in the negative. *Id.* Ranger Perry also asked defendant if there were any firearms in the vehicle, and defendant again said "no." *Id.* Defendant was asked to step out of the vehicle and to the rear, to which he complied. *Id.* After receiving consent to search his person and conducting the search, defendant was asked to sit on the front bumper of Ranger Perry's patrol car. *Id.*

Ranger Perry informed defendant he was going to search his vehicle due to the odor of marijuana. Ex. A; *Incident Details*, pg. 3, ¶ 2. Defendant then told Ranger Perry he had a "blunt" of marijuana in the center console. *Id.* Defendant also informed Ranger Perry there was a "sawed off shotgun" beside the passenger seat. *Id.* Due to the defendant's untruthfulness about the firearm and the firearm possibly being illegally modified, Ranger Perry placed defendant in handcuffs and had him sit in the rear of the patrol car. *Id.*

While searching the vehicle, Ranger Perry located a pump action shotgun wrapped in camouflage tape. Ex. A; *Incident Details*, pg. 3, ¶ 3. The shotgun was missing most of the stock and part of the barrel was cut off. *Id.* After removing parts of the tape, Ranger Perry identified the shotgun as a Savage Steven's Model 820B 12-gauge pump shotgun. *Id.*

While searching the vehicle, Range Perry also located a black bag with a glass pipe inside. Ex. A; *Incident Details*, pg. 3, ¶ 4. Ranger Perry returned to defendant and notified him of his *Miranda* rights. *Id.* Defendant stated he smoked crystal methamphetamine earlier in the day. *Id.* Ranger Perry continued searching the vehicle and located a black container with approximately .79 grams of suspected marijuana. *Id.*

Defendant was given citations for Non-Recreational Hauling, No Insurance, Possession of Marijuana Less than 1 oz., and Possession of Paraphernalia. Ex. A; *Incident Details*, pg. 3, ¶ 4. Defendant was indicted by a Grand Jury on May 2, 2023 for Possession of an Unregistered Firearm

in violation of Title 26, United States Code, §§ 5841, 5861(d), and 5871. ECF. No. 3. On July 10, 2023, defendant filed the instant *Motion to Suppress Evidence*.  ECF. No. 19.

## II.    Argument

In his motion, Defendant "seeks suppression of all evidence found during the search of a car he was driving on August 2, 2022, and/or all evidence found incident to his arrest." ECF No. 19, pg. 1, ¶ 1. In support of this, defendant argues he was not towing a "trailer" as defined by 36 C.F.R. § 7.43 (c)(5), so Ranger Perry had no justifiable reason to pull defendant over. *Id.* at pg. 3-5. For the reasons illustrated below, Defendant's motion should be denied.

### A.   Evidence stemming from the search of defendant's vehicle is admissible.

Through his motion, defendant argues that the initial stop of his vehicle was invalid. ECF No. 19. A police officer may stop a vehicle if he has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996).  In the present case, on August 2, 2022 at approximately 8:34 a.m., Ranger Perry was travelling south on the Natchez Trace Parkway near mile post 86, when he passed a 2007 Honda Accord with the MS tag RAS6342 traveling north on the Natchez Trace Parkway. Ex. A; *Incident Details*, pg. 2. Ranger Perry observed the vehicle had several pieces of lumber attached to the roof. *Id.* The vehicle also displayed a decal that read "Jack Rabbit Services." *Id.* As Ranger Perry passed the vehicle, he noticed the vehicle had a rear cargo hauler attached, loaded with a wheelbarrow. *Id.* Due to these violations, Ranger Perry conducted a traffic stop. Ex. A; *Incident Details*, pg. 3.

The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures, shall not be violated. . . U.S.C.A. Const. Amend. 4 (emphasis added).  Put simply, what the Constitution forbids is not *all* searches and seizures, but unreasonable ones. *Elkins v. United States*, 364 U.S. 206, 222, 80 S.Ct.

1437, 1446, 4 L.Ed.2d 1669 (1960).

Defendant notes in his motion ". . . discovery provided by the prosecution indicates Officer Perry's reasonable suspicion of illegal activity purportedly justifying the traffic stop was a violation of 36 C.F.R. § 7.43 (c)(5), which prohibits using a trailer on the Natchez Trace for non-recreational purposes. This is accurate—in part.

At its inception this stop was reasonable and justified as Ranger Perry observed *multiple* traffic violations committed by defendant. Ex. A; *Incident Details*, pg. 2-3. As noted in his report entitled "*Incident Details*" and attached as Exhibit A, Ranger Perry noted his observation of three (3) violations: (1) Defendant's vehicle was affixed with "several pieces of lumber attached to the roof.";[1] (2) The vehicle displayed a decal that read "Jack Rabbit Services.";[2] (3) The vehicle had a "rear cargo hauler" loaded with a wheelbarrow.[3] *Id.* Each of these three violations alone are enough to justify the traffic stop. *Id.*

   a. **36 C.F.R § 7.43(c)(5)'s definition of a "Trailer."**

Defendant's argument that his stop was not justified as he was not towing a "trailer" as defined by 36 C.F.R. § 7.43(c)(5) is misplaced. ECF No. 19, pg. 4, ¶ 1. Defendant correctly points to the definition of a trailer under Title 36 of the Code of Federal Regulations, Section 7.43(5). It states:

> (5) Trailers. Trailers are permitted when used non-commercially to transport baggage, camping equipment, horses for recreational riding, small boats and other similar items used for vacation or recreational purposes, provided they meet the following criteria:

---

[1] Hauling of any kind when done non-recreationally is prohibited. 36 C.F.R. § 7.43(c)(5), and see Exhibit D, *National Park Service Superintendent's Compendium, Appendix I.*
[2] The use of government roads within the Natchez Park area by commercial vehicles, when such use is in no way connected with the operation of the park area, is prohibited. 36 C.F.R. § 5.6 (b).
[3] Hauling of any kind when done non-recreationally is prohibited. 36 C.F.R. § 7.43(c)(5), and see Exhibit D, *National Park Service Superintendent's Compendium, Appendix I.*

  (i)  Utility type trailers must be enclosed or covered and are not to exceed 5 feet by 8 feet.
  (ii)  Trailers must be equipped with red taillights, red stoplights and mechanical turn signals. Clearance lights are required on trailers over 6 feet high.
  (iii)  Only one trailer of any type may be towed by any one vehicle along the parkway. The towing vehicle and trailer must not exceed 55 feet in length.

  Though correctly stated, defendant's application of this section is misguided. To start, this section spells out that trailers are permitted when used <u>non-commercially</u>. 36 C.F.R. § 7.43(c)(5) (emphasis added). Defendant's vehicle was displaying a decal that read "Jack Rabbit Services." See Ex. B, *Photo of Car*. Vehicles that display company logos and are being used for commercial purposes are considered to be commercial and are prohibited. See Ex. D, *National Park Service Superintendent's Compendium, Appendix I*.

  The term "commercial vehicle" is further defined by the Code of Federal Regulations as vehicles that include, but are not limited to "trucks, station wagons, pickups, passenger cars or other vehicles when used in transporting movable property for a fee or profit . . . or used in connection with any business." 36 C.F.R. § 5.6 (a). The use of government roads within the Natchez Park area by commercial vehicles, when such use is in no way connected with the operation of the park area, is prohibited. 36 C.F.R. § 5.6 (b).

  Put simply, defendant's vehicle was considered a commercial vehicle due to the advertisement, "Jack Rabbit Services." 36 C.F.R. § 5.6 (a). Accordingly, use of the roadway was prohibited. *Id.* Further, and most pertinent to defendant's motion, hauling of any kind on the Natchez Trace Parkway when done non-recreationally is prohibited. See Exhibit D, *National Park Service Superintendent's Compendium, Appendix I.* For this reason, defendant was in violation of 36 C.F.R. § 7.43(c)(5) and cited under the same for non-recreational hauling. Ex. A, *Incident Details*, pg. 3.

Defendant argues for him to be guilty of violating 36 C.F.R. § 7.43(c)(5), he must have been towing a "trailer." ECF No. 19, pg. 4, ¶ 1. To the contrary, defendant violated this section for multiple reasons—one being that any non-recreational hauling is prohibited, as articulated above, but another is the fact that the "rear cargo carrier" he was utilizing did not meet the requisite specifications of a "trailer" as spelled out in this same section. The fact that the carrier was <u>not</u> enclosed or covered, <u>not</u> equipped with red taillights, red stoplights or mechanical turn signals, only emphasize the justification for the stop—defendant's violation of 36 C.F.R. § 7.43(c)(5), and other regulations.  See Exhibit C, *Back of Car*.

### B. The stop was reasonable based on Ranger Perry's good-faith belief that a traffic violation occurred.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 808, 816 (1996). Under the good faith exception to the exclusionary rule, "evidence is not to be suppressed . . . where it is discovered by officers in the course of actions that are taken in good faith and reasonable, though mistaken, belief that they are authorized." *United States v. Williams*, 622 F.2d at 840 (1980). The good faith exception applies to cases where a law enforcement officer errs, but nevertheless maintains a good faith objectively reasonable belief that he has an adequate foundation to make a stop. *See United States v. De Leon-Reyna*, 930 F.2d 396, 401 (1991) and *United States v. Leon*, 468 U.S. 897 (1984).

Though the Government does not contend Ranger Perry erred in concluding defendant committed a traffic violation justifying the stop, when in fact he committed three, should this Court find otherwise, the evidence should still not be suppressed based on the good faith exception. Under the circumstances of this case, it is abundantly clear that it would have been objectively reasonable for an experienced, well-trained police officer in this setting to conclude that a traffic

violation had occurred, and that the stop was hence legal. *Whren*, 517 U.S. 808, 813 (1996).

### III.   Conclusion

For reasons aforementioned, defendant's argument fails. The Defendant's Motion should be denied.

RESPECTFULLY SUBMITTED this the 20th day of July, 2023.

                                          Darren J. LaMarca
                                          United States Attorney

By:    *s/Jessica S. Terrill*
        Jessica S. Terrill
        501 East Court Street, Suite 4.430
        Jackson, MS 39201
        Telephone:  (601) 965-4480
        Fax:  (601) 965-4035
        Mississippi Bar No. 105510
        Email:  Jessica.terrill@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all ECF participant(s) of this record.

DATED Thursday, July 20, 2023.

                                          *s/Jessica S. Terrill*
                                          Jessica S. Terrill
                                          Assistant United States Attorney