**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                            **CRIMINAL NO. 3:23cr39-CWR-LGI**

**WILLIAM ROBERT SHEPHERD III**

**REPLY SUPPORTING
MOTION TO SUPPRESS EVIDENCE**

Comes now William Shepherd and files this Reply Supporting his Motion to

Suppress Evidence. Specifically, Mr. Shepherd seeks suppression of all evidence

found during the search of a car he was driving on August 2, 2022, and/or all

evidence found because of his arrest. In support of this Reply, Mr. Shepherd

presents the following.

**I.    Officer Perry lacked probable cause for the traffic stop.**

The prosecution contends that the subject traffic stop was lawful because:

"(1) Defendant's vehicle was affixed with 'several pieces of lumber attached to the

roof.'; (2) The vehicle displayed a decal that read 'Jack Rabbit Services.'; (3) The

vehicle had a 'rear cargo hauler' loaded with a wheelbarrow." Prosecution's

Response, p. 4.

The third purported justification pertaining to the rear cargo hauler is

addressed in the Motion to Suppress. All three of these purported reasons for the

stop are premised on the prosecution's contention that commercial vehicles are prohibited from driving on the Natchez Trace, and that non-recreational hauling is also prohibited. *See* Prosecution's Response, p. 4, footnotes 1 through 3.

As a foundation for Mr. Shepherd's response to the prosecution's argument, we must set forth the provisions of 36 C.F.R. 5.6(c), which states: "The superintendent shall issue permits for commercial vehicles used on park area roads when such use is necessary for access to private lands situated within or adjacent to the park area, to which access is otherwise not available." Under this provision, commercial vehicles, and by implication non-recreational hauling, are permitted on the Natchez Trace if the driver is issued a permit for such use.

The defense concedes that Mr. Shepherd did not have a permit to operate a commercial vehicle on the Natchez Trace. But the analysis does not end with that concession.

*United States v. Feliciana*, 974 F.3d 519 (4th Cir. 2020), sheds light on the subject issue. The Park Ranger in *Feliciano* pulled the defendant over on the Natchez Trace because "[i]t was a commercial truck on the parkway." *Id.* at 523. The officer found marijuana during the traffic stop, and Feliciano was later charged with possession of marijuana on the Natchez Trace. *Id.* at 522. Feliciano filed a motion to suppress in district court, which the court denied. *Id.*

Feliciano appealed the suppression issue to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit began by stating the following provisions of the Code of Federal Regulations that allow commercial vehicles on the Natchez Trace.

> National Park Service (NPS) regulations prohibit "commercial vehicles"—which include but are not limited to "trucks, station wagons, pickups, passenger cars or other vehicles when used in transporting movable property for a fee or profit ... or used as an incident to providing services to another person, or used in connection with any business"—from driving on the Parkway except "*when authorized by a permit" or other exception*. 36 C.F.R. §§ 5.6(a), 7.96(f). The superintendent of a park area "*shall issue permits" for commercial vehicles to drive on park roads* "when such use is necessary for access to private lands situated within or adjacent to the park area," and the superintendent also "may grant permission to use park roads" in emergencies. *Id.* § 5.6(b), (c); *see also id.* § 1.6(a) (authorizing the superintendent to issue permits). Use of park roads is also authorized when "in connection with the operation of the park area." *Id.* § 5.6(b).

*Feliciano*, 974 F.3d at 523. In relevant summary, commercial vehicles are allowed to drive on the Natchez Trace if driver has a permit from the superintendent of the park area.

The prosecution in *Feliciano* argued that "the grammatical structure of the regulations allows us to assume that most commercial vehicles on the Parkway lack a permit." 974 F.3d at 524. Rejecting this argument, the court held:

> Under the Government's logic, the structure of those statutes alone provides law enforcement reasonable suspicion to conduct discretionary spot checks to ensure drivers possess a valid driver's license. That reasoning directly undermines *Prouse*, where the Court held that spot checks to ensure compliance with Delaware's driver's license statute violated the Fourth

Amendment. *See Prouse*, 440 U.S. at 659, 99 S.Ct. 1391.[1] We cannot infer from a permitting scheme's mere existence that a particular driver lacks the required permit.

*Id.* at 525 (bracketed footnote added).

The *Feliciano* court reversed the district court. *Feliciano*, 974 F.3d at 524.

The court reasoned:

Officer Alto did not articulate any reason to suspect that Feliciana did not possess the requisite permit to drive a commercial vehicle on the Parkway. The entire factual basis he offered for conducting the traffic stop was that he saw a vehicle requiring a permit on the Parkway. But that fact by itself is wholly innocent. The Government elicited no testimony concerning why Officer Alto or any other reasonable officer would think that Feliciana's truck in particular lacked a permit.

*Id.* at 523.

As in *Feliciano*, Officer Perry had no reasonable belief that Mr. Shepherd lacked a valid permit to operate a commercial vehicle on the Natchez Trace. As such, the traffic stop was constitutionally impermissible, and all evidence obtained because of the stop must be suppressed.

## II.    The good faith exception to the exclusionary rule does not apply.

The prosecution alternatively argues that the evidence obtained from the traffic stop is admissible under the good faith exception to the exclusionary rule. Prosecution's Response, p.p. 6-7. For the following reasons, the prosecution's argument lacks merit.

---

[1] The complete cite for *Prouse* is *Delaware v. Prouse*, 440 U.S. 648 (1979)

Under the good faith exception, "when evidence is sought to be excluded because of police conduct leading to its discovery, it will be open to the proponent of the evidence to urge that the conduct in question, if mistaken or unauthorized, was yet taken in a *reasonable, good-faith belief* that it was proper." *United States v. Williams*, 622 F.2d 830, 846-47 (5th Cir. 1980) (emphasis added). It is important to note that the officer's belief must be *both* **reasonable**, *and* grounded in **good faith**. "If the court so finds, it shall not apply the exclusionary rule to the evidence." *Id.* at 847.

As stated above, the *Feliciano* court held that "[t]he Government elicited no testimony concerning why Officer Alto or any other *reasonable officer* would think that Feliciana's truck in particular lacked a permit." 974 F.3d at 523 (emphasis added). The prosecution in Mr. Shepherd's case faces the same dilemma. That is, it has come forth with no *reasonable* explanation why Officer Perry believed that Mr. Shepherd lacked a permit to operate a commercial vehicle on the Natchez Trace. Therefore, the good faith exception to the exclusionary rule is inapplicable.

### III. Conclusion.

For all these reasons, Mr. Shepherd asks this Court to conduct a hearing on his Motion to Suppress Evidence, then grant the Motion.

Respectfully submitted, July 25, 2023.

5

**WILLIAM ROBERT SHEPHERD, III**
**Defendant**

by:    s/ *Michael L. Scott*
       **Michael L. Scott** (MB # 101320)
       Senior Litigator
       Office of the Federal Public Defender
       S. District of Mississippi
       200 S. Lamar St., Suite 200 North
       Jackson, Mississippi 39201
       Telephone: (601)948-4284
       Facsimile: (601)948-5510
       Email:  mike_scott@fd.org

       Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Michael L. Scott, certify that on July 25, 2023, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

       s/ *Michael L. Scott*
       Attorney for Defendant